Willie Brown, the plaintiff in error, was convicted in the Circuit Court of Duval County, Florida, of murder in the second degree, and upon writ of error to this court, seeks to have the judgment of the court below reversed and a new trial granted him.
The written instrument filed in this court and designated as an assignment of errors, is nothing other than a copy of the motion for new trial, which was filed in the court below. There are seven grounds stated in the purported assignment of errors and the counsel on both sides treat each ground as an assignment of errors. We will therefore consider these several grounds of the motion for new trial as assignments of error.
We would further remark, that several of these assignments of error, are set forth with so much prolixity, and are so confused, containing a long recitation of the evidence and remarks of the counsel and the court during the progress of the trial, that we will not undertake to set them out at length.
After the State Attorney had offered all the testimony *Page 686 
that he thought necessary and proper, he made the following statement to the court: "May it please the court, this child, Ruth Beatrice Johnson, is a little girl about six or seven years old. I understand that her statements have been conflicting. She is supposed to have been there, but her statements have been conflicting as I understand it, both to investigations on the part of the State and possibly counsel for the defendant. I do not feel that the State should be bound by her statements or her testimony, and yet I feel that it might be pertinent or proper that she be called and her statement given here under such examination, as the court may deem proper, for the benefit of the jury."
Upon the conclusion of these remarks by the State Attorney, the attorney for the defendant, made the following objection: "The defendant takes exceptions to the language used by the State Attorney in the presence of the jury, on the ground that it is prejudicial to the rights of the defendant, and asks your honor to instruct the jury to disregard it, and give us an exception."
It appears from the record before us that the trial judge thereupon instructed the jury in the following language: "Gentlemen of the jury, this case is on trial before you on the sworn testimony in the case, and upon that testimony, and that alone you are to try this defendant, and any statement of the counsel that the witness has made conflicting statements or otherwise is no part of the evidence in the case. I am going to ask the bailiff to call this little girl and swear her."
The foregoing incident in the trial of the case constitutes the basis for the first assignment of errors.
It will be seen from the foregoing portions of the record, in this case, that after the State Attorney had made his statement concerning the witness Ruth Beatrice Johnson, the defendant's attorney "excepted" to such statement, *Page 687 
and asked the court "to instruct the jury to disregard it, and give us an exception." It appears further from the record that the court, complying with the request, instructed the jury in the language set out above.
There was no exception taken to the instruction as given by the court. It is manifest therefore that the instruction was satisfactory to the defendant and his counsel. It is true that the defendant's attorney, in making his objection to the remarks of the State's Attorney, used the expression, "the defendant takes exceptions to the language used by the State Attorney," etc., and that in the same statement of his objection, and request for instruction to the jury, he used the expression, "and give us an exception." It is evident, however, that it was meant to "object" to the language used by the State's Attorney, and when he asked for an exception, it is apparent that he asked for such exception in the event his objection was not sustained, and the instruction not given as requested.
Exceptions in the course of a trial are taken not to statements or remarks of counsel, or to any other matters, save to the rulings and decisions or remarks of the court.
It has been said that an "exception" is an objection formally taken to a ruling or decision of the court.
The office of an exception is to challenge the rulings and decisions of the trial court promptly when made, that such rulings and decisions may be corrected by the court itself if deemed erroneous. It is to point out wherein the excepting party claims to have been prejudiced by the rulings of the trial court.
In the case of Graham v. State, 72 Fla. 510,73 South. Rep. 594, we said: "When a defendant in a criminal prosecution conceives that the State Attorney has used improper or harmful language in his argument to the jury, in order to have the same reviewed by the appellate court, *Page 688 
it must be made to appear that such language was brought to the attention of the trial court, a ruling obtained thereon, and an exception taken to such ruling."
Merely asking the court to "give us an exception," to the remarks of opposing counsel, is not an exception to a ruling or decision of the court. It must be shown further, that because of the refusal of the court to rule, or because of its adverse ruling, or because the ruling is deemed insufficient to overcome the harmful effect of the remarks, the defendant excepted to the court's action.
Even if the remarks of the State's Attorney relative to the witness Ruth Beatrice Johnson, were improper and made in the presence of the jury, the instruction given by the trial judge at the request of the counsel for the defendant, which was not excepted to, sufficiently withdrew such language from the consideration of the jury. The record therefore fails to show any error under the first assignment of errors.
The second assignment of errors challenges the action of the trial judge in calling Ruth Beatrice Johnson as a witness in the case, "As a State witness," as is stated in the assignment, and thereafter permitting the State to lay a predicate for impeachment of the witness, and later offering evidence tending to impeach her.
This assignment apparently undertakes to attack two ruling of the court below. Under previous decisions of this court, if one of these rulings is sustained, the entire assignment fails. Peeler v. State, 64 Fla. 385, 59 South. Rep. 899.
It is contended by the plaintiff in error, that when the trial judge called the witness Ruth Beatrice Johnson, she was called as a witness for the State, and that the court erred in calling her, and then permitting the prosecution to lay a predicate for her impeachment, and later in offering evidence tending to impeach her testimony, without *Page 689 
having shown that the witness had surprised the State in proving to be an adverse witness.
Was Ruth Beatrice Johnson called as a State's witness? We think not. As we have shown in our consideration of the first assignment of errors, the State's Attorney after advising the court of the age of the witness, her attitude, and that she was supposed to be an eye-witness to the killing, said, "I do not feel that the State should be bound by her statement or her testimony, and yet I feel it might be pertinent or proper that she be called and her statement given under such examination as the court may deem proper, for the benefit of the jury."
It is quite clear from this statement, that the State did not wish to assume the responsibility of jeopardizing the case by calling to the stand a witness, thereby vouching for her truthfulness, when she had made contradictory statements relative to the case, of which the representative of the State had knowledge.
The court, however, was advised of the circumstances, and that the witness was supposed to have been present, thereupon the court of its own motion called the witness, caused her to be sworn, examined her under oath as to what she knew about the case, and permitted the counsel for both the State and the defendant to examine and cross-examine her.
In the case of Selph v. State, 22 Fla. 537, this court was considering the question whether or not the court below erred in refusing to compel the State to put a certain eyewitness on the stand, and we there said, "Counsel for the prosecution in a criminal case are not bound to introduce all the witnesses who were present at the time of the commission of the offense;" and in the same case we also held, "The presiding judge has a right in the exercise of a sound discretion to call a witness either for or against the prisoner, *Page 690 
and when so called and questioned by the court to permit both sides to cross-examine him."
In Selph v. State, supra, text 545, Chief Justice McWhorter, who wrote the opinion of the court, says: "Were the rule as insisted on in force in this State, it would be difficult to convict a prisoner, where the State was compelled to introduce the evidence relied on by him for his defense, and then because he had not introduced any evidence himself, be allowed the concluding argument to the jury. Besides this, the compulsion of one side to introduce witnesses for the other would create confusion in practice as to the right of contradiction ofwitnesses and their cross-examination." (Italics ours).
The rule laid down in 16 Corpus Juris, p. 846, is as follows: "It is in the discretion of the court to call any witness who was present at the transaction, or whose name is on the indictment, not called by the prosecution; and when so called the witness may be examined and cross-examined by both sides.He is not a witness for either party." (Italics ours.) On page 847 of the same volume of the same work we find the law stated as follows: "The prosecution is not compelled to call and vouch for a witness even though it is evident that he knows all about the facts, where the prosecuting officer acting in good faith and under his official oath is of the opinion that the witness will by false swearing or by concealment of material facts, attempt to establish the innocence of the defendant; but such witness may be called by the court upon the request of the State's Attorney, and may be questioned by the court and examined and cross-examined by the prosecution and the defendant." Citing People v. Rardin, 255 Ill. 9,99 N.E. Rep. 59, Ann. Cases 1913d 282.
The witness, Ruth Beatrice Johnson, having been called by the court and examined as a witness, gave testimony that *Page 691 
was detrimental to the State's case. She was neither a witness for the State nor was she called for the defendant, but her testimony was before the jury for its consideration in making up its verdict. Under these circumstances, either party, under the law, had the right to impeach the witness, if her testimony was detrimental. The court below therefore did not err in calling this witness, neither did it err in permitting the State's Attorney to lay a predicate to impeach the witness, and later in permitting him to introduce testimony tending to impeach her.
Under the third assignment of errors, it is the contention of the plaintiff in error that the court erred in permitting the State's witness, Charles Skinner, to give testimony tending to impeach the witness Ruth Beatrice Johnson. In our consideration of the second assignment of errors, we have shown that the court below did not err in holding that the prosecution could offer evidence to impeach this witness. It is therefore unnecessary for us to reiterate what we have said already in our consideration of this phase of the case raised by the third assignment of errors. However, under the third assignment of errors the propriety of the court's ruling upon the questions asked the witness, Charles Skinner, is raised.
While the witness Ruth Beatrice Johnson was on the witness stand, and after she had given testimony tending to show that the defendant was shot by Marie Skinner, the deceased, before he shot her, the State Attorney by proper questions propounded to her, laid a predicate to impeach her by the witness Charles Skinner. When the impeaching witness was called he testified that he had a conversation with Ruth Beatrice Johnson, giving a time and place corresponding with that about which Ruth Beatrice Johnson had been interrogated. Then the State Attorney propounded the following question: "State whether or not at the time and place, this little girl Ruth Beatrice Johnson *Page 692 
stated to you that this defendant Willie Brown, had come to your house with a pistol in his hand, and asked Marie Skinner for some money, and when she did not give it to him, this defendant jumped on her on the bed and shot her, did she make that statement?" To this question the defendant's attorney objected, upon the ground that it was leading and suggested the answer desired. The court below overruled the objection and noted the defendant's exception to the ruling.
The question as propounded to this witness was very leading. The proper method of examination would have been to have asked the witness to tell what Ruth Beatrice Johnson said to him, if anything, relative to what the defendant did, without repeating to the witness what he expected him to say.
This court has held, however, that the permitting of leading questions to be asked a witness in the exercise of a discretion is not reversible by this court on writ of error. Southern Express Co. v. VanMeter, 17 Fla. 783; Camp v. State, 58 Fla. 12,50 South. Rep. 537; Wood v. State, 31 Fla. 221, text 224,12 South. Rep. 539; Johnson v. State, 64 Fla. 321,59 South. Rep. 894; Padgett v. State, 64 Fla. 389, 59 South. Rep. 946; Penton v. State, 64 Fla. 411, 60 South. Rep. 343; Stinson v. State, 76 Fla. 421, 80 South. Rep. 506. From what has been said then, there is no reversible error shown under the third assignment.
In our consideration of the second and third assignments of error, we have also disposed of the seventh assignment.
The remaining assignments of error, four, five, and six, each question the sufficiency of the evidence to support the verdict of the jury.
We have examined the evidence in this cause, as contained in the record, and are of the opinion that the evidence is legally sufficient to support the verdict. *Page 693 
The judgment of the court below is affirmed.
WHITFIELD, P. J., AND TERRELL, J., concur.
BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.
BUFORD, J., disqualified.