WIGGINTON, Judge.
Appellants seek reversal of a judgment of conviction and sentence rendered against them upon a jury verdict finding them *645 guilty of robbery. They contend that the trial court erred in permitting the testimony of a court witness to be impeached by the use of a transcript of that witness’ testimony given at the first trial of this case which resulted in a mistrial. Appellants contend alternatively that the evidence is not sufficient to support the verdict of guilty rendered by the jury.
On the first trial of this case a codefend-ant, Scott, who had previously confessed and pleaded guilty, was called as a State witness and gave testimony incriminating appellants as the ones who actually entered the store and robbed the manager at gunpoint. On the retrial of the case out of which this appeal arises, the State Attorney announced to the court out of the jury’s presence that Scott had been summoned as a witness for the State but upon being interrogated just prior to trial had refused to answer any questions propounded to him. On the basis of the foregoing facts a request was made that Scott be called as a court witness for whatever evidence that might be developed. Over appellants’ objection the court ruled that Scott would be called and examined as a court witness and that both the State and the defendants would be privileged to cross-examine him and impeach his testimony if that became necessary.
Scott was called to the witness stand and in response to interrogation by the court gave testimony which exonerated both defendants from any guilt of the crime of which they were charged. For the announced purpose of impeaching Scott’s testimony the State Attorney read to him certain questions and answers propounded to and given by him at the first trial, which answers were in direct conflict with the testimony just given by him in the case sub judice. Scott readily admitted giving such prior testimony but said that he initially turned State’s evidence and incriminated the defendants because he had heard that they were going to put all the blame on him and another codefendant who had also pleaded guilty.
Appellants contend that the procedure permitted by the court over their objection resulted in the State being allowed to introduce in evidence inadmissible testimony of their guilt under the guise of using it for the purpose of impeaching a witness. In support of their position that the court’s ruling constituted error, appellants rely on the decision of the Supreme Court in the case of Rankin v. State.[1] In this case a person was called to the stand as a court witness. Upon being examined he contended that he knew nothing about the events surrounding the commission of the crime for which the defendant was on trial. Over defendant’s objection the State Attorney was permitted to read to the witness from a written statement, purportedly made by him in a previous interview, which incriminated the defendant. In response to questions as to whether he remembered making and signing such statement, the witness replied that he did not. The statement from which the witness was questioned was never offered or admitted in evidence. The net effect of the witness’ testimony was neither incriminatory nor exculpatory and, therefore, not a proper subject of impeachment. The defendant was convicted of first degree murder and the death penalty was imposed. In disapproving the procedure followed in that case of introducing in evidence substantive testimony under the guise of impeachment, and in holding that it constituted reversible error, the court said:
“The question developed by this procedure is whether or not the State, upon impeaching a court witness by showing that he had formerly appeared and made a statement, which at the time of trial he says he does not recall, may go further and introduce the contents of the statement.
“It is plain to us by the original ruling that the trial judge frowned upon such *646 procedure when he restricted the introduction to the mere time and place of the statement and this thought is confirmed by his action in meticulously instructing the jury that the questions and answers repeated by the State Attorney could be considered only for the purpose of impeachment and not as substantive testimony. Yet the jury got from the reading of the questions, purportedly asked the witness at the time of the interview, and the answers presumably given and repeated at the trial a description of the horrible crime with which appellants had been charged and convicted and this procedure we cannot sanction. We think it was prejudicial error that requires a reversal of the judgment.”
We are of the view that because of the factual distinction between Rankin and the case sub judice, the rule of law pronounced in the former is not applicable here.
In Brown v. State [2] the Supreme Court pronounced the rule of law applicable in situations of this kind as follows :
“The witness Ruth Beatrice Johnson, having been called by the court and examined as a witness, gave testimony that was detrimental to the state’s case. She was neither a witness for the state nor was she called for the defendant, but her testimony was before the jury for its consideration in making up its verdict. Under these circumstances, either party, under the law, had the right to impeach the witness, if her testimony was detrimental. The court below therefore did not err in calling this witness ; neither did it err in permitting the state’s attorney to lay a predicate to impeach the witness, and later in permitting him to introduce testimony tending to impeach her.”
We find no abuse of discretion by the trial court in permitting the State to impeach the testimony of Scott by the use of a transcript of Scott’s testimony given at the first trial of the case.
We have examined the record in light of the contentions that the evidence is insufficient to support the verdict but find this position to be without merit. The judgment appealed is affirmed.
JOHNSON, C. J., and RAWLS, J., concur.

. Rankin v. State (Fla.1962) 143 So.2d 193, 196.

. Brown v. State, 91 Fla. 682, 108 So. 842, 845.