272 So.2d 180 (1973)
Jack L. WALTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-701.
District Court of Appeal of Florida, Third District.
January 24, 1973.
*181 Phillip A. Hubbart, Public Defender and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was found guilty by a jury of manslaughter in the death of his minor child. The evidence demonstrated that the victim had been beaten and that death resulted from a blow to the abdomen. On this appeal, the appellant does not challenge the sufficiency of the evidence to support the jury's verdict.
The points on appeal urge error because the trial court allowed the State to impeach the mother's testimony by using a statement given to the investigating officer. It is argued first that "the trial court erred in permitting an attempt to impeach a witness by inconsistent statements in that no proper predicate was established and the statement concerned matters which were collateral and irrelevant."
The mother was called as a witness by the State for the limited purpose of identifying the deceased.[1] The defense proceeded on cross-examination to bring out testimony favorable to the defense. The State objected and the trial court properly declared the witness a defense witness. Upon cross-examination, the State brought out that the mother had given a statement to the investigating officer on the day after the baby's death. The mother testified that she was in shock[2] and did not remember the substance of her statement to the officer.
The appellant argues that some of the questions asked as a predicate to the impeachment of the witness were irrelevant or concerned collateral matters.[3] Specifically, the appellant refers to questions as to physical "punishment" of the baby on days previous to the day on which the baby died. Certainly such testimony was relevant, and *182 since no motion to strike the testimony was made, the appellant has no standing to now urge that the cross-examination should not have been allowed to stand as a predicate for impeachment. Cf. Mahone v. State, Fla.App. 1969, 222 So.2d 769.
Furthermore, appellant argues that the impeachment was improper pursuant to the holding in Rankin v. State, Fla. 1962, 143 So.2d 193, because the witness stated that she did not remember the prior statement. In the Rankin decision, which differs factually from the case at bar, several witnesses were called by the court. One of the witnesses stated that he was ignorant of the crime, did not remember making a statement, and could not tell whether the signature at the bottom of the statement was his own. It is worthy of note that the Rankin case has been significantly distinguished in Sutton v. State, Fla.App. 1970, 239 So.2d 644. In Sutton, as in the case at bar, the witness acknowledged a prior statement, but offered an explanation as to why the statement was inconsistent. Both statements were considered by the jury. The court found this procedure to be correct under the rule set out in Brown v. State, 91 Fla. 682, 108 So. 842 (1926).
In the case at bar, the witness remembered making a statement while under oath, remembered that she had previously examined it, and remembered acknowledging it to the State. As in Sutton, supra, the witness endeavored to explain away the inconsistencies. The evaluation of the witness' testimony was properly to be resolved by the jury.
Lastly, appellant urges that the trial court erred in failing to instruct the jury at the time of the admission into evidence of the impeaching statements that the statements were admitted solely for impeachment and not as substantive testimony. Undoubtedly, such an instruction is proper and should be given. See Slade v. United States, 267 F.2d 834 (5th Cir.1959). In the instant case, the instruction was given although it was not directly and forcefully given.[4] If the defense were dissatisfied with the instruction it could have asked for and would have undoubtedly received a more direct and forceful instruction. The appellant was apparently satisfied because the subject was not subsequently mentioned until this appeal. Under these circumstances, the appellant has not shown reversible error. See Dupree v. State, Fla.App. 1967, 195 So.2d 1.
The judgment and the sentence are affirmed.
NOTES
[1] The disability of the wife to testify against her husband was removed in Florida in 1892 by the passage of what is now Fla. Stat. § 914.07, F.S.A. See also Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933). As to civil actions see Fla. Stat. § 90.04, F.S.A.
[2] The mental state of the witness at the time that the statement was given would go to the weight of the evidence unless an incapacity of the witness appears.
[3] Appellant relies upon Starke v. State, 49 Fla. 41, 37 So. 850 (1905), and Adams v. State, 54 Fla. 1, 45 So. 494 (1907).
[4] "MR. O'DAY: All right. Then I would like an instruction to the jury at this time that any inconsistent statements which may be brought out by the State Attorney go to the statements themselves and not to the matter of proof in hand.

"THE COURT: All right. Has the jury heard that particular reference by the defense attorney? They are so instructed."