343 So.2d 659 (1977)
Teala RITTER et al., Appellants,
v.
Victor JIMENEZ et al., Appellees.
Nos. 75-1462, 75-1493.
District Court of Appeal of Florida, Third District.
March 8, 1977.
Rehearing Denied April 1, 1977.
*660 Virgin, Whittle & Popper, Susan Goldman, Podhurst, Orseck & Parks, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Wicker, Smith, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
In these consolidated appeals, plaintiffs Teala Ritter and Lloyd Ritter, her husband, seek a review of a final judgment rendered in their favor following a jury verdict in an automobile accident case in which liability was admitted by the defendants, appellees.
The record reflects that on September 19, 1973, Teala Ritter was seriously injured when the school bus she was driving was involved in a collision with another vehicle near Tavernier, Florida. The only issue was damages. A jury verdict was rendered for Teala in the amount of $35,000.00 and for Lloyd in the amount of $5,000.00.
First, the Ritters contend that they were denied a fair trial because the trial court, without authority and over the objections of counsel, called Nurse Renee Steele, a rehabilitative specialist employed by Mrs. Ritter's employer's workmen's compensation carrier, to aid Mrs. Ritter with rehabilitation after the accident, to testify as the court's own witness.
The practice of calling a witness as the court's own witness has long been recognized in Florida criminal proceedings.[1] In fact, the authority of a trial judge in a criminal prosecution to call a witness as the court's own witness on its own motion or at the request of one of the parties, "has been recognized in all jurisdictions in which the question has been considered."[2] The question of whether it is a proper practice in civil proceedings has not yet been reached in Florida.
Rule 614 of the Federal Rules of Evidence, 28 U.S.C.A., provides that the court,
"... on its own motion or at the suggestion of a party, (may) call witnesses, and all parties are entitled to cross-examine witnesses thus called."
In the Advisory Committee's notes to Rule 614, it is stated that,
"While exercised more frequently in criminal than in civil cases, the authority of the judge to call witnesses is well established."
In resolving the question presented by this case, we look to the new Florida Evidence Code, Sections 90.01, et seq., Florida Statutes, 1976 Supp., to become effective July 1, 1977. Section 90.615 thereof, entitled "Calling witnesses by the court," provides:
"(1) The court may call witnesses whom all parties may cross-examine.
(2) When required by the interests of justice, the court may interrogate witnesses, whether called by the court or by a party."
We recognize that Section 90.615 was neither in effect at the time of the trial in this case, nor during the pendency of this appeal. Nevertheless, as a matter of policy, we find it to be highly persuasive, and we apply it to this case. Moreover, there is no Florida case or statutory authority prohibiting the court's calling witnesses in civil cases. Therefore, we hold that the court has discretion to call and examine witnesses *661 in the interest of justice and in the ascertainment of truth. Plaintiff-appellants have failed to show any abuse of discretion by the trial judge.
The assertion that Nurse Steele gave professional expert opinion without a predicate being laid is not supported by the record. She testified that she had been a rehabilitative expert for approximately three and one-half years and a registered nurse for about twenty years.
The question of expertise should initially be determined by the court, and the weight to be given such testimony as a matter for the jury. As it appears that the court found Nurse Steele's background to be sufficient, from that point it was within the province of the jury to draw such conclusions from her testimony as it chose, and as were warranted by the evidence.
The crux of the case was whether, or to what extent, the plaintiff had recovered from her injuries. Nurse Steele testified that the plaintiff had gone back to work and was capable and medically fit to perform her job. It is the duty of the trial court to determine the qualification of an expert witness on the subject matter on which the witness testifies, and the court's judgment will not be disturbed on appeal unless a clear abuse of discretion is made to appear. Vitale Fireworks Manufacturing Co., Inc. v. Marini, 314 So.2d 176, 180 (Fla.1st DCA 1975). No such abuse of discretion has been shown.
Appellants' next contention is that the court erred in asking all of the questions on voir dire of the jury, and denying counsel's request to conduct the examination. Rule 1.431(b) of the Florida Rules of Civil Procedure provides as follows:
"The parties have the right to examine jurors orally on their voir dire... . The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved."
The record reflects that at a conference just before trial, the judge told all counsel:
"... I said that I had 32 stock questions that I will propound. After that you will be invited to the Bench and indicate to the Court if you have any further questions, and not on matters covered by the ones propounded by the Court. If you have, you will indicate to which juror or what general question you would propound, and then the Court will rule on it. That is all I said.
I am not going to close you off from having some contact, or as it is said, the opportunity to press the flesh of the jurors. I am not going to close you off on that.
I am going to diminish the attorneys' role, but I am going to be fair to both sides. I am going to propound the stock questions, federal questions, and then you gentlemen, if you have further questions, can approach the Bench."
Further, during the trial, the court, after conducting its voir dire examination of the jury, said to the attorneys,
"You may proceed. You may proceed to ask them questions.
* * * * * *
Do you have any further questions?"
None of the attorneys had any questions.
We are in full accord with the holding of Florida courts that in the trial of every cause before a jury in this state, the law grants to the respective parties the right, either personally or through their attorneys, to orally examine jurors on voir dire. Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla.1st DCA 1960). Trial attorneys should be accorded ample opportunity to elicit pertinent information from prospective jurors on voir dire examination. It is from information so obtained that trial attorneys can call upon their own skill to determine whether to challenge for cause or exercise a peremptory challenge. The primary purpose of voir dire is to determine whether the juror is qualified and will be fair and impartial, free from all bias, prejudice or interest in the cause being tried. Barker v. Randolph, 239 So.2d 110 (Fla.1st DCA 1970).
*662 While we emphasize the importance of voir dire examination by the attorneys in jury trial proceedings, under the facts presented in this case, we do not hold that the trial judge committed reversible error as it appears from the record that counsel were given the opportunity to question the jurors.
Finally, plaintiffs contend that the trial court improperly limited them to four "before and after witnesses." The record fails to demonstrate any prejudice or harmful error stemming from this exercise of judicial discretion in limiting the number of witnesses. The limiting of a number of witnesses for a given side has long been recognized as appropriate. Stager v. Florida East Coast Railway Company, 163 So.2d 15 (Fla.3d DCA 1964). Also see Gallub v. Del Vecchio, 301 So.2d 785 (Fla.3d DCA 1974).
The remaining points on appeal are without merit and will not be discussed.
Affirmed.
NOTES
[1] See, for example, Brown v. State, 91 Fla. 682, 108 So. 842 (1926); Sutton v. State, 239 So.2d 644 (Fla. 1st DCA 1970); Chapman v. State, 302 So.2d 136 (Fla. 2d DCA 1974).
[2] 81 Am.Jur.2d, Witnesses § 3, "Calling of witnesses by the court," and cases cited therein.