ADLERMAN, Chief Judge.
The defendant Gerald T. McCloud, was convicted of Murder in the First Degree and Robbery. He raises several points on appeal, none of which require reversal. However, one point merits discussion: whether the trial court committed reversible error in allowing into evidence the extra-judicial statements of a court witness who admitted that he had made the prior statements but denied that they were true.
The victim was robbed and shot to death and the defendant was identified as one of the two men who participated in the robbery-murder. Arthur Lee Bell was called to testify as a witness for the State. *408 He had made prior statements to the police indicating that he had seen the defendant and another man after the robbery and that they had told him of their involvement in the crime. On the witness stand, however, Bell denied that he had seen the defendant. He testified that his prior statements were lies and that a police detective had “programmed” him on what to say. On the State’s motion, Bell was declared a court witness. This was not error. The trial judge has the right, in the exercise of sound discretion, to call a witness either for or against the defendant, and, when so called and questioned by the court, to permit both sides to cross-examine him. Brown v. State, 91 Fla. 682, 108 So. 842 (1926). Defense counsel objected to any testimony by the witness Bell as to admissions made by the defendant, but the only ground stated was that the State had failed to establish the corpus delicti. The objection on this ground was properly denied.
The witness Bell was then extensively questioned before the jury, first by the court and then by the prosecutor and defense counsel. The prosecutor was able to read most of Bell’s out-of-court statements aloud before the jury by asking him whether he made the statements and if they were true. Bell repeatedly admitted that he had made the statements, but continued to deny that they were true. Defense counsel did not object to this procedure; in fact, at one point during the prosecutor’s cross-examination he interjected:
Excuse me. I don’t mind the State Attorney reading this off, but if there’s a line crossed off, for the jury’s benefit, I want him to say, “Crossed out,” and what was interlineated each time so they can see the full impact of the statement.
[[Image here]]
And I also think the best evidence, if we could obtain it through a motion to produce, would be that the tape itself be played before the jury.
The factual situation in Lowe v. State, 130 Fla. 835, 178 So. 872 (1937), is analogous to the present case. The court witness is Lowe admitted making earlier statements, but claimed that they were false. On a three to three vote the defendant’s conviction was affirmed. Chief Justice Ellis, speaking for the three Justices who voted to reverse, said that the method adopted by the prosecution was improper; that when the State asks that a witness be called as a court witness, it is not permissible to allow before the jury as substantive evidence statements that the witness may have made at another time contradictory to the testimony that he gave as a court witness. On the other hand, Justice Buford, speaking for the other three Justices, said that the conviction should be affirmed because there was no proper objection to the testimony and no request was made for the court to instruct the jury concerning the purpose for which the testimony was admissible.
In the present case the jury should not have been advised as to the contents of Bell’s prior statements, and if a proper objection had been timely made, it should have been sustained. But there was no timely objection, nor was there any request on behalf of the defendant that the trial court instruct the jury limiting the consideration that it should give to Bell’s testimony.
We conclude that there was sufficient evidence independent of Bell’s testimony to establish the defendant’s guilt. The other points on appeal have been considered and found not to require reversal. The defendant’s convictions are therefore affirmed.
AFFIRMED.
CROSS and MOORE, JJ., concur.