HENDRY, Judge.
Appellant Eddie Marie Allen had installed in her home awning-type windows manufactured by appellee Se-Go Industries, Inc. (Se-Go). Subsequently, two intruders broke into Ms. Allen’s home, through a window manufactured by Se-Go, and sexually assaulted her. She sued Se-Go, as well as the window installer, for damages resulting from injuries which she sustained in the assault. The complaint against Se-Go charged that Se-Go was liable for Allen’s injuries on the theories of negligent manufacture of the windows and strict liability for manufacturing and selling a defective product. A two-day jury trial on Allen’s claims against Se-Go resulted in a verdict and judgment in Se-Go’s favor. A motion for new trial made by Allen was denied.
Appellant Allen argues on appeal, as she did in her motion for new trial, that the trial court abused its discretion and committed reversible error by limiting counsel’s voir dire of the twelve prospective jurors to twenty minutes per side in this complex products liability case which also involved the emotional issue of rape. This limitation on voir dire, it is further argued, prevented appellant’s counsel from eliciting information from the panel of prospective jurors which would have allowed him to intelligently exercise his peremptory challenges and challenges for cause, and thus deprived appellant of a fair trial by an impartial jury. Appellant seeks the reversal of the order denying her motion for a new trial.
It appears from the record that the trial court offered the parties the choice of either of two voir dire procedures, stating in pertinent part as follows:
I'll conduct the voir dire in accordance with the Third District decision [Ritter v. Jiminez [Jimenez], 343 So.2d 659 (Fla. 3d DCA 1977) ], and then I’ll give you a reasonable opportunity to ask your own questions. So you will each have 20 minutes to ask questions after I conduct the voir dire examination, and I conduct a rather extensive voir dire examination. I have the questions all written out, and I think then my questions and the information you get on the voir dire sheet, plus the 20 minutes that you will have to question the jurors will be more than adequate to ascertain whether or not there’s any bias or prejudice to determine that all jurors are fair and impartial and it eliminates repetitious questioning and all of those things that are improper in the jury selection.
******
As an alternative would you prefer doing the voir dire yourself and taking 45 minutes each, or would you prefer doing it in the manner that I indicated? I do ask an awful lot of questions. I have a list that goes into substantial detail that ascertain[s] bias or prejudice, but if you prefer to do it, or if you feel you can do it with the 45 minutes a side, I’ll allow you to do it that way as an alternative. I’ll still ask a few questions, but not to the extent that I indicated. I don’t care.
The court determined, with the agreement of counsel for Se-Go, but over the objection of counsel for Allen, that it would conduct the voir dire and limit each attorney’s further questioning of the prospective jurors to a total of twenty minutes.
It has been stated, with regard to the role of the trial court in the voir dire examination of jurors:
It is the settled law of this state that any decision of the trial judge with respect, to the qualifications and conduct of jurors rests largely within his discretion. He must possess the authority to reasonably control the scope of voir dire examination if the trial is to progress in an orderly and expeditious manner. Rulings of the court restricting the examination of jurors on voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture.
Mizell v. New Kingsley Beach, Inc., 122 So.2d 225, 227 (Fla. 1st DCA 1960) (citation omitted).
In Ritter v. Jimenez, 343 So.2d 659 (Fla. 3d DCA 1977), this court was asked to decide the propriety vel non of a procedure employed by a trial judge in conducting jury voir dire. We did not find reversible *1099 error where the trial judge himself asked all of the questions on voir dire of the jury and offered the attorneys an opportunity to question the jurors, which was declined. In the instant case, the trial court stated that it believed the procedure which it initially suggested and which was in fact utilized was in accordance with the Ritter decision. We agree that the procedure employed in this case was within the trial court's broad discretion, was in accordance with Ritter, and comported with the requirements of Florida Rule of Civil Procedure 1.431(b) (“The parties have the right to examine jurors orally on their voir dire_ The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved.”)
Appellant has failed to carry her burden of demonstrating a gross abuse of the trial court’s discretion resulting in harmful, prejudicial error. Accordingly, the order under review denying appellant's motion for a new trial is affirmed.
Affirmed.