COBB, Judge.
In this case the issue is whether the trial court’s refusal to give the defendant’s requested special limiting instruction at the time the state elicited admissions of prior felony convictions constituted harmful error.
At the end of the state’s cross-examination, the defendant admitted three prior felony convictions. Defense counsel thereupon requested an immediate instruction to the jury to the effect that evidence of prior convictions was to be considered only in relation to the believability of the defendant as a witness and was not to be considered as evidence of guilt of the crime for which he was on trial. Contrary to the explicit mandate of section 90.107, Florida Statutes (1991),[1] the trial court declined to give the requested instruction. Instead, the trial court gave the standard jury instructions at the close of all of the evidence, and defense counsel told the jury during closing argument that the sole basis for the jury’s consideration of the three prior felonies was the weight to be given to the defendant’s testimony.
The issue on appeal is simply whether this error by the trial judge was a harmful one[2] or a harmless one.[3] On balance, we affirm the appellant’s robbery conviction despite some reservations as to the proper enforceability of section 90.107.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in result only, without opinion.

.Section 90.107 provides:
Limited Admissibility: When evidence that is admissible as to one parly or for one purpose, but inadmissible as to another party or for another purpose is admitted, the Court upon request shall restrict such evidence to its proper scope and so inform the jury at the time it is admitted.

. Cf. Walter v. State, 272 So.2d 180 (Fla. 3d DCA 1973).

. Cf. Seckington v. State, 424 So.2d 194 (Fla. 5th DCA 1983).