M. S. CARTER v. THE STATE.

No. 8292.    Delivered May 20, 1925.

1.—Robbery—Continuance—Improperly Refused.

Appellant was jointly indicted with one Jones for robbery.  When appellant's case was called for trial, he made a proper motion to sever, and asked that Jones be first placed on trial.  Whereupon the state dismissed the case against Jones, and proceeded with the trial of appellant.

2.—Same—Continued.

Whereupon appellant issued a subpoena for said Jones, who was in the court house when his case was dismissed.  When appellant called Jones to use him as a witness, it developed that he was temporarily absent from Wichita County.  Appellant then moved for a postponement to secure the attendance of said witness which was refused.  This postponement should have been granted, as it appears that Jones's testimony was very material for the defense, and for its refusal the cause must be reversed.

Appeal from the District Court of Wichita County.    Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of robbery; penalty, five years in the penitentiary.

The opinion states the case.

*Fitzgerald & Hatchitt* and *Shields Heyser,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Wichita County, for the offense of Robbery and his punishment assessed at confinement in the penitentiary for a term of five years.

The State's testimony shows that the appellant went with the prosecuting witness, Logan, to a rather secluded street in Wichita Falls, for the ostensible purpose of finding a party who would sell them several cases of liquor, it being the agreement between appellant and Logan that they would buy it at a cheap price and sell it at a large profit. Logan had two hundred dollars in his possession which he was to pay as his part for the purchase of the whisky. Instead of finding the owner of the whisky at this place, the State's testimony shows that one J. D. Jones held appellant and Logan up at the point of a pistol and robbed them, getting from Logan two hundred dollars and from appellant three dollars. It was the State's theory that Jones and appellant were acting together according to a previously formed design in the commission of this robbery.

The principal question we find it necessary to discuss in this case is raised by appellant's bill of exception No. Three, which complains of the court's action in refusing to postpone the case. This bill shows that on the day of the trial appellant made a proper motion to sever, and asked that his co-defendant J. D. Jones be placed on trial first. In order to avoid this procedure, the State saw fit to dismiss the case against Jones. Immediately thereafter the defendant had issued and placed in the hands of the proper officers a subpoena for said witness Jones, he being in the courthouse at the time his case was dismissed, and this occurred on the same day that appellant was tried. After the State had introduced its testimony and the defendant began the introduction of his testimony it developed that Jones was temporarily absent from Wichita County and that he had gone to Archer County. Under these conditions, the defendant asked the court to grant a postponement for a reasonable time to allow appellant to locate the said witness and have him summoned to testify in his, appellant's, behalf. The motion sets out facts that the appellant expected to prove by said witness which are highly material to his defense. In fact, there is no question but what his testimony would be very vital to the appellant's case. Notwithstanding the fact that the witness was in the courtroom on the very morning that the trial began, and on the very day that it was concluded, the court refused to postpone the case for any length of time in order to enable the appellant to procure the attendance of this witness. The Court's qualification of this bill shows that the father of the witness testified that he rode to town with the witness the morning the case was called for trial, and that he further testified that the witness may have gone to the Freeman-Hampton oil field which was some twenty miles from Wichita Falls,

but he didn't know for certain. The court further says that no process was issued to Archer County for the witness, the Freeman-Hampton oil field being in the edge of Archer County, and that the court believed that as soon as the indictment against Jones was dismissed, which was on the morning the trial begun, that Jones fled. It is always commendable for a trial court to dispatch business with promptness and expedition but, this salutary result must never be attained at the risk of denying to a party on trial a substantial right. The court clearly overruled this motion on the ground that no sufficient diligence had been shown.

In view of the condition of the record pertaining to it, we cannot agree that this ruling was correct. Appellant secured process for the witness concurrently with the dismissal of the case against him. It would have been manifestly useless and improper for him to have issued a subpoena for said witness while the witness was indicted for the same offense with which he was charged. Yet immediately upon the witness being released from the charge against him, process was issued for him. It occurs to us under these circumstances that the appellant was entitled to at least a reasonable time to enable him to locate this witness. Under all the circumstances, a few hours might have been entirely sufficient, but at any rate, we cannot do otherwise than hold that the case ought to have been postponed to enable him to procure the attendance of this witness.

This matter was properly presented by appellant in his motion for a new trial and there was no written contest on the part of the state of either the application for a postponement or the motion for a new trial and under all the conditions of this record, we believe the court committed reversible error in refusing to grant appellant's motion for a new trial because of the court's action in overruling the motion for a postponement.

It is therefore our opinion that the judgment of the trial court should be reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.