122 So.2d 225 (1960)
Estella MIZELL and Roland C. Mizell, Her Husband, Appellants,
v.
NEW KINGSLEY BEACH, INC., a Corporation, Appellee.
No. C-12.
District Court of Appeal of Florida. First District.
July 12, 1960.
J.C. Sapp, Green Cove Springs, and Gerald R. Hart, Jacksonville, for appellants.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Appellants were plaintiffs in a civil action brought for the recovery of damages resulting from injuries suffered by them as a result of a tortious act committed by one Mack Cooley, agent of defendant. From an adverse verdict and judgment plaintiffs have appealed.
The sole error assigned is the refusal of the trial court to permit plaintiffs' counsel to interrogate a prospective juror on his voir dire examination. The circumstances *226 leading up to the alleged erroneous ruling of the court are as follows:
Counsel for plaintiff had completed his examination of the jury panel without making any inquiry as to the relationship of any member of the jury to Mack Cooley, whose tortious act was alleged in the complaint to have been the proximate cause of the damages suffered by plaintiffs. After exhausting his peremptory challenges, plaintiffs' counsel tendered the jury to the defendant. Defendant's counsel's examination of the prospective jurors included the following questions propounded to one of the jurors which elicited the following answers:
"Q. (By counsel for defendant) Do you know W.F. Cooley? A. (By juror, Carl C. Carnes) Yes, I have known him for a good many years.
"Q. Is your relationship with him friendly or otherwise? A. I think we are friends.
"Q. Would the fact that you and Cooley are friends make any difference to you in arriving at a verdict? A. No.
"Jury tendered by defendant."
Following defendant's acceptance of the jury plaintiffs' counsel requested of the court permission to further question the prospective juror Carnes. After plaintiffs' counsel acknowledged to the court that he had already tendered the jury the court directed that the jury be sworn. This was done, and the trial proceeded to a conclusion which resulted in a verdict for defendant.
Appellants contend that the trial court committed reversible error in refusing to permit their counsel to further interrogate the prospective juror Carnes in light of the answers given by him to the questions propounded by defendant's counsel upon his voir dire examination. Although appellants concede that the answers given by the prospective juror were not such as would disqualify him for cause, they contend that the answers were such that further examination might have developed facts upon which the witness' bias or prejudice in favor of the offending agent Cooley could have been established. They contend that since the jury had not at that point in the proceedings been sworn in chief, the ends of justice required that they be permitted to further examine the juror for the purpose of determining whether or not he was biased or prejudiced in favor of the defendant's side of the case, and the refusal of the court to permit them to do so constituted fundamental error requiring reversal of the judgment.
It has been held that "the selection of a jury to try a case is a work which devolves upon the court. His purpose is to secure such jurors as are qualified for jury service and who are without bias or prejudice for or against the parties in the cause. A very wide latitude of examination by the court is allowable and indeed often necessary to bring to light the mental attitude of the proposed juror to one of the parties that it may be determined if such attitude renders the proposed juror unqualified. The object of such examination * * * is to ascertain the qualification of persons drawn as jurors and whether they would be absolutely impartial in their judgment."[1]
In the trial of every cause before a jury in this state, the statute grants to the respective parties the right, either personally or through their attorney, to orally examine jurors on their voir dire.[2] Such examination constitutes the taking of testimony on the issues raised as to his qualifications. However, the extent to which parties should be allowed to go in examining jurors as to their qualifications *227 cannot be governed by any fixed rules, but is subject to the sound discretion of the court, the exercise of which will not be interfered with unless it is clearly abused.[3]
It is the settled law of this state that any decision of the trial judge with respect to the qualifications and conduct of jurors rests largely within his discretion.[4] He must possess the authority to reasonably control the scope of voir dire examination if the trial is to progress in an orderly and expeditious manner. Rulings of the court restricting the examination of jurors on voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture.
From the record before us it appears without dispute that plaintiffs' counsel, either through intention or inadvertence, failed to examine on voir dire any of the prospective jurors with regard to their acquaintance with or bias or prejudice for the one alleged to have been the tort-feasor. Having exhausted their peremptory challenges and accepted the jury, plaintiffs were in no position to demand as a matter of right the privilege of further examining the panel under the circumstances disclosed by this record. It is obvious that the trial judge did not consider that the answers given by the prospective juror Carnes in response to questions by defendant's counsel were such as to show bias or prejudice in favor of the defendant or against the plaintiffs in the cause. It is equally obvious that the court did not consider that further examination of this witness on his voir dire would serve any useful purpose.
We are unable to say on the state of the record before us that the trial judge abused his discretion or committed reversible error in refusing plaintiffs' counsel the right to further interrogate the juror Carnes on the matter of his relationship to the alleged tort-feasor. The judgment appealed from is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Cross v. State, 89 Fla. 212, 103 So. 636.
[2] F.S. § 54.13, F.S.A.
[3] 50 C.J.S. Juries § 275.
[4] Kennick v. State, Fla.App. 1958, 107 So.2d 59; Russom v. State, Fla.App. 1958, 105 So.2d 380.