239 So.2d 110 (1970)
Herman P. BARKER, Appellant,
v.
Odessa Rush RANDOLPH, Appellee.
No. M-365.
District Court of Appeal of Florida, First District.
September 8, 1970.
Rehearing Denied October 2, 1970.
*111 William D. Barfield, Jacksonville, for appellant.
J. Richard Moore, of Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
McLANE, RALPH M., Associate Judge.
After an adverse verdict, the plaintiff took this appeal.
To fully comprehend the point raised by the appeal it is necessary to set out in detail certain portions of the record relating to examination and selection of the jury. Six jurors were called and seated in the box. Thereupon, the court briefly examined them concerning relationship, acquaintance with parties, attorneys and any physical handicaps. Plaintiff's attorney questioned the jury at length, then exercised one peremptory challenge. There then ensued between the court and counsel the following:
"THE COURT: All right. Anyone else?
MR. BARFIELD: Not at this time.
THE COURT: Anyone else?
MR. BARFIELD: Not at this time.
THE COURT: Of this group that remains?
MR. BARFIELD: Well, I'm going to tender them as far as I know, none now, subject to questioning by the other side. At that time I will tender them for questioning at that time.
THE COURT: Call another juror."
Voir dire examination was directed by the court and the plaintiff's attorney to the recently seated juror. No further challenge was made of the six jurors, the plaintiff's attorney stating:
"MR. BARFIELD: Your Honor, we tender the jury for questioning."
Defendant's counsel questioned and accepted the jurors without challenge, followed by discussion between court and counsel.
"MR. BARFIELD: I'd like to ask one more question, Your Honor.
THE COURT: Swear the jury. Pardon me?
MR. BARFIELD: One more question of the jury.
THE COURT: You already tendered.

*112 MR. BARFIELD: Only for the purpose  excuse me, Your Honor, only for purposes of questioning. Following his questioning, I think I am entitled to ask one question or two.
THE COURT: I don't think so. Swear the jury.
* * * * * *
MR. BARFIELD: Just a second, Your Honor, please, sir, before you do it.
THE COURT: I have ruled, Mr. Barfield.
MR. BARFIELD: All right, sir. I want to call the case to your attention.
THE COURT: I have ruled. You have tendered the jury. The jury has been accepted."
* * * * * *
"(Thereupon, the jury was sworn.)"
After preliminary instructions to the jury, further discussion ensued.
"MR. BARFIELD: Your Honor, stay a moment, sir, after the jury leaves. I want to put something on the record.
THE COURT: All right, Mr. Barfield.
* * * * * *
THE COURT: I'm sorry, Mr. Barfield, you asked for leave to question the jury and not to challenge the jury.
MR. BARFIELD: I understand, sir, but preliminary, that's what I want to get it in now, preliminary to a challenge.
THE COURT: And you said at the very outset that you were prepared to tender the five, except the one that you excused."
Following a recess, the matter of additional examination by plaintiff's counsel was further pursued.
"THE COURT: But in that case, counsel announced that he wanted to exercise his peremptory right of challenge after the jury was accepted.
MR. BARFIELD: I realize, sir, this is preliminary.
THE COURT: But in this case, you did not. You said you wanted to interrogate the jury.
MR. BARFIELD: That is correct, sir, preliminary to exercising the challenge.
THE COURT: Well, you didn't say anything about it.
MR. BARFIELD: I didn't have a chance, sir."
The peremptory challenge is a useful tool which cannot be denied a party by the court. It is a shield granted litigants to secure jurors as impartial as human frailties permit. Trial attorneys rely heavily upon their skill to elicit pertinent information from prospective jurors on voir dire examination, thus, relating the jurors' attitude to the trial of the case. The examination is vital to lay a predicate so that counsel may determine whether to challenge for cause or exercise a peremptory challenge. The purpose of the voir dire is to determine whether the prospective juror is qualified and will be completely impartial in his judgment. Its length and extensiveness should be controlled by the circumstances surrounding the juror's attitude in order to assure a fair and impartial trial by persons whose minds are free from all interest, bias or prejudice. Gibbs v. State, Fla.App., 193 So.2d 460; Pope v. State, 84 Fla. 428, 94 So. 865; Pinder v. State, 27 Fla. 370, 8 So. 837; Cross v. State, 89 Fla. 212, 103 So. 636. The right of oral examination on voir dire by the parties is granted by statute, Section 53.031, F.S.A. It is settled law that the trial judge has a wide latitude in the exercise of his discretion with respect to the qualification of jurors. In exercising that discretion, he may reasonably control voir dire examination in the interest of orderliness and in the dispatch of trials. Mizell v. New Kingsley Beach, Inc., Fla.App., 122 So.2d 225.
*113 It is not infrequent that the answer to a question or questions propounded by opposing counsel develops a lead indicating a juror may not be impartial in his views or thinking. The juror's answer may reflect such a strong distaste for given circumstances as to make him completely unfair and unacceptable. It is not likely that the party in whose favor the juror's attitude slants will pursue a line of questioning designed to develop the bias or prejudice of the juror. Further examination may well disqualify the juror, perhaps not for cause, but for the proper exercise of the peremptory challenge. Full exploration of a questionable juror by the party who may be the receiver of the unfairness of the juror should not be denied when his counsel fully and in good faith previously interrogated the panel, but prejudicial information was not forthcoming until his adversary questioned the jury.
The dialogue between the court and plaintiff's attorney indicates a probable breakdown in communication between them. Counsel considered he had not made an absolute tender of the panel, the court ruled otherwise. It is clear that counsel wished to further examine the jury "preliminary to a challenge."
We are not permitted to speculate what counsel had in mind. However, all considered, we are of the view that in the interest of trial by fair and impartial jurors to which a litigant is entitled, together with the doubt whether plaintiff made an unqualified tender of the panel, such circumstances demanded that counsel be granted additional and reasonable interrogation. We hold that the denial of his timely request, under the peculiar facts and circumstances of the case, was such an abuse of discretion as requires reversal of the trial judge.
Reversed.
WIGGINTON, J., concurs specially.
CARROLL, DONALD K., Acting C.J., concurs in both majority and concurring opinions.
WIGGINTON, Judge (specially concurring).
I concur in the foregoing opinion authored by Judge McLane. In the interest of clarity and fairness, I think it proper to acknowledge that appellee relies in part for affirmance of the judgment appealed on the decision rendered by this court in Mizell v. New Kingsley Beach, Inc.[1] in which we said:
"In the trial of every cause before a jury in this state, the statute grants to the respective parties the right, either personally or through their attorney, to orally examine jurors on their voir dire. Such examination constitutes the taking of testimony on the issues raised as to his qualifications. However, the extent to which parties should be allowed to go in examining jurors as to their qualifications cannot be governed by any fixed rules, but is subject to the sound discretion of the court, the exercise of which will not be interfered with unless it is clearly abused.
"It is the settled law of this state that any decision of the trial judge with respect to the qualifications and conduct of jurors rests largely within his discretion. He must possess the authority to reasonably control the scope of voir dire examination if the trial is to progress in an orderly and expeditious manner. Rulings of the court restricting the examination of jurors on voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture."
In the Mizell case plaintiff had completely exhausted all peremptory challenges allowed *114 him by law, had fully accepted the panel and tendered it to the defendant without qualification. Under these circumstances the trial court refused to permit plaintiff's counsel to reopen his voir dire examination for further questioning of the jury after it had been accepted by the defendant. On review we held the court's action in this regard to be reasonable and not an abuse of discretion requiring reversal.
In the case sub judice plaintiff's counsel was evidently satisfied with the jury after his voir dire examination had been completed, but in an abundance of caution tendered the jury to defendant for the purpose of questioning only. In so doing, plaintiff did not accept the jury or make his tender thereof unconditional. At this point plaintiff had exercised only one of his peremptory challenges. It was because of answers given by a juror to the questions propounded by defendant's counsel prior to his acceptance of the panel, that plaintiff's attorney felt that further questioning was necessary in order to decide whether to peremptorily challenge the juror. These facts distinguish this case from Mizell in such material respects as to make the disposition reached there not controlling in our disposition of this case.
Although the trial judge does and must possess a broad latitude of discretion in determining at what point in the voir dire examination counsel's interrogation of the jury should be foreclosed, such discretion should not be exercised in such manner as to prevent counsel for either party from making such interrogation as may be reasonably required in order to procure a fair and impartial jury. The necessity for dispatching the work of the court and shortening the time of trial should not be accorded greater importance than the necessity for procuring an unbiased and impartial jury to try the issues of the case. In the case sub judice it affirmatively appears that the necessity for peremptorily challenging the juror in question would depend upon his answers to further questions by plaintiff's counsel. No justifiable reason for precluding plaintiff from further examining the juror under the circumstances of this case appears in the record before us.
NOTES
[1] Mizell v. New Kingsley Beach, Inc., (Fla.App. 1960) 122 So.2d 225, 226-227.