295 So.2d 338 (1974)
Johnny Lee PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-397.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
Rehearing Denied June 26, 1974.
Joseph R. Moss of Ferrell & Moss, Cocoa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed.
OWEN, C.J., and WALDEN, J., concur.
RUDNICK, VAUGHN J., Associate Judge, dissents with opinion.
RUDNICK, VAUGHN J., Judge (dissenting):
The Appellant, Johnny Lee Price, stood trial before a jury for the offense of Robbery and upon his being found guilty of *339 that offense the Court ultimately adjudged him guilty of that offense and sentenced him to confinement in the state prison for life. Motion for new trial was made and upon hearing was ultimately denied and Notice of Appeal followed, together with Assignments of Error.  I would reverse.
I have considered the several Assignments of Error raised by the Appellant and find, with the exception of Assignment of Error No. 2, all others to be without merit.
The Appellant contends the Court erred in denying him the right to question the prospective jurors concerning fundamental beliefs on the presumption of innocence, burden of proof, reasonable doubt and other related issues in order to determine a fair and impartial jury guaranteed by the Sixth Amendment of the U.S. Constitution.
The pertinent constitutional provisions under consideration provide as follows:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." Amendment VI, U.S. Constitution.
"In all criminal prosecutions the accused shall ... have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel of both, and to have a speedy and public trial by impartial jury in the county where the crime was committed." Article I, Section 16, Florida Constitution, F.S.A.
To secure this basic constitutional right to trial by a fair and impartial jury, the Legislature of the State of Florida passed statutes granting to counsel for both the State and the accused the right of voir dire examination to prospective jurors.[1]
Our Rule of Criminal Procedure 3.300(b), 33 F.S.A.,[2] secures to respective counsel the right of voir dire examination to the prospective jurors and has superseded the statutes referred to above.
Justice O'Connell of the Florida Supreme Court interpreted the former statute as follows:
"The above quotations must be construed as being guides to the trial courts in exercising their discretionary power in determining the competency of jurors. They demonstrate that the goal to be sought is a jury composed of persons whose minds are free from any preconceived opinions of the guilt or innocence of an accused, persons who can in fact give to an accused the full benefit of the presumption of innocence, persons who can because of freedom from knowledge of the cause decide it solely on the evidence submitted and the law announced at the trial." Singer v. State, 109 So.2d 7 (1959). See also Cross v. State, 89 Fla. 212, 103 So. 636 (1925).
At times counsel in their advocacy have become overzealous on voir dire examination in their efforts to secure a fair and impartial jury and the Appellate Courts have been called upon time and again to rectify misconceptions of the purpose of the voir dire examination.
*340 The Florida Supreme Court has held:
"The court correctly refused to permit these questions to be answered, for the answers, whether affirmative or negative, could have had no bearing upon the qualifications of the proposed jurors. The law does not require jurors to be lawyers, and, if it should become necessary upon the trial for them to know the definition of circumstantial evidence, they could be taught that definition by proper instructions from the court." Roberson v. State, 40 Fla. 509, 24 So. 474 (1898).
"A talesman, on voir dire examination, on being asked by the defendant's counsel if he would give the defendant the benefit of every reasonable doubt arising from the evidence, replied that he would if the court said so. He was then asked by defendant's counsel whether he would give the defendant the benefit of every reasonable doubt anyway, if the court should fail or neglect to instruct him so to do; and he replied that he did not know whether he would or not. Defendant thereupon challenged the juror for cause, which challenge the court overruled. This ruling is assigned as the second error. There is no merit in this assignment. The juror, in response to the first question, properly responded that he would follow the court's instructions on the law of the case by giving the defendant the benefit of reasonable doubt if the court so stated the law to be. It was carrying the voir dire examination of the jurors beyond all proper limits to go into further inquiry as to whether the juror would of his own accord observe the law of the case, whether such law were given him in charge by the court or not. Whether a juror has knowledge of the law of a case, and is or is not willing to apply such law, without instructions thereon from the court, can never be made a test of his competency." Brown v. State, 40 Fla. 459, 25 So. 63 (1898).
"Prospective jurors are examined on their voir dire for the purpose of assertaining if they are qualified to serve, and it is not proper to propound hypothetical questions purporting to embody testimony that is intended to be submitted, covering all or any aspects of the case, for the purpose of ascertaining from the juror how he will vote on such a state of the testimony. Such questions are improper, regardless of whether or not they correctly epitomize the testimony intended to be introduced.
To propound to a juror a question purporting to contain an epitome of the testimony subsequently to be introduced, and ask whether he would acquit or convict upon such testimony, would have the effect of ascertaining his verdict in advance of his hearing the sworn testimony of the witnesses.
Such a procedure would revolutionize jury trials." Dicks v. State, 83 Fla. 717, 93 So. 137 (1922).
In the overwhelming number of jury trials, counsel is well aware of the limits of voir dire examination and its objects and purposes, and experiences little difficulty in ascertaining whether or not a prospective juror can be fair and impartial.
Our Supreme Court has set forth guidelines as follows:
"The examination of jurors on the voir dire in criminal trials is not to be confined strictly to the questions formulated in the statute, but should be so varied and elaborated as the circumstances surrounding the jurors under examination in relation to the case on trial would seem to require, in order to obtain a fair and impartial jury, whose minds are free of all interests, bias or prejudice ... Hypothetical questions having correct reference to the law of the case that aid in determining whether challenges for cause or peremptorily are proper, may, in the sound and reasonable discretion of the trial court, be propounded *341 to veniremen on voir dire examination." Pope v. State, 84 Fla. 428, 94 So. 865 (1922). See also Pait v. State, Fla., 112 So.2d 380 (1959).
From the above it is readily apparent that it is the trial judge's duty and responsibility to secure to the parties a proper voir dire examination of prospective jurors to ensure all parties a fair and impartial jury and it is equally the jurist's responsibility to ensure that the voir dire examination is not improperly utilized to prohibit or limit the very purpose for which it was created and as a result the trial judge has discretion in regulating the voir dire examination of the prospective jurors.
Judge Wiggington sets forth the rule as follows:
"The object of such examination ... is to ascertain the qualifications of persons drawn as jurors and whether they would be absolutely impartial in their judgment.
In the trial of every cause before a jury in this state, the statute grants to the respective parties the right, either personally or through their attorney, to orally examine jurors on their voir dire. Such examination constitutes the taking of testimony on the issues raised as to his qualifications. However, the extent to which parties should be allowed to go into examining jurors as to their qualifications cannot be governed by any fixed rules, but is subject to the sound discretion of the court, the exercise of which will not be interfered with unless it is clearly abused." Mizel v. New Kingsley Beach, Inc., 122 So.2d 225, Fla.App., 1st Dist. (1960). See also Barker v. Randolph, 239 So.2d 110, Fla.App., 1st Dist. (1970).
In Poole v. State the Florida Supreme Court in reviewing a conviction of the defendant for the offense of rape without a jury recommendation of mercy and the defendant having been sentenced to death, was faced with the following question:
"The Court erred in failing to allow counsel appointed for Defendant on voir dire examination to examine jurymen on the question of a recommendation of mercy in a conviction of rape."
In resolving the question set forth above the Supreme Court specifically held:
"We do feel, however, that the trial judge erred in refusing to allow defense counsel to propound any inquiry as to the issue of mercy. Such inquiry, in the context of the instant case, could conceivably be determinative of whether the defendant should challenge a juror  either for cause or peremptorily." Poole v. State, 194 So.2d 903 (1967).
Returning to the case before this Court, a review of the voir dire examination reflects defense counsel obeyed the Court's order[3] and throughout the entire voir dire *342 examination by the Court or respective counsel, there is not one question of any juror relating to the presumption of innocence, reasonable doubt or burden of proof; said transcript also reflects defense counsel having exhausted all his peremptory challenges and having suffered an adverse ruling on a challenge for cause.
Whether or not a prospective juror will accept and follow the Court's instructions of law, if given, that a person accused of a crime is presumed to be innocent; that it is the burden of the State to prove guilt and not the burden of the accused to prove innocence; that the burden cast upon the State before a guilty verdict can be rendered is beyond and to the exclusion of every reasonable doubt, are fundamental areas of inquiry on voir dire examination.
These areas of inquiry are the very foundation of our system of justice and if a juror will not affirmatively state under oath his willingness to accept, follow and be bound by them, how is it possible for any person to receive a fair trial by an impartial jury?
By limiting voir dire examination to the extent as was done in the trial court, reversible error was committed which commands a reversal.
Accordingly, I would reverse the judgment and sentence and remand the cause for a new trial.
NOTES
[1] F.S. 913.02, Examination of Jurors.  (1) The jurors shall be sworn, either individually or collectively, as the court may decide, to answer truthfully all questions put to them regarding their competence to serve as jurors. The court shall then examine each juror individually, except that, with the consent of both parties, it may examine the jurors collectively. Counsel for both state and the defendant shall be permitted to propound pertinent questions to the juror after such examination by the court. (repealed)
[2] Rule of Criminal Procedure 3.300(b)  Voir Dire Examination. The Court shall then examine each prospective juror individually, except that, with the consent of both parties, it may examine the prospective jurors collectively. Counsel for both State and defendant shall be permitted to propound pertinent questions to the prospective juror after such examination by the Court.
[3] MOSS: Your Honor, are we going to be limited voir dire examination?
THE COURT: Yes.
* * * * *
MR. MOSS: May I ask the Court to lay out a preliminary for the record and for myself, and I will try to abide by them, but it's over my objection.
THE COURT: Of course. The Court has instructed the counsel that it, the voir dire examination of the jurors, that they are not to deal with matters of law or of the facts of the case.
Mr. Moss has indicated his objection.
MR. MOSS: Thank you, Your Honor. May I have an opportunity to clarify my objection on the record before we proceed? I don't think she got my objection, and I would like to express it again so it's on the record.
THE COURT: Yes.
MR. MOSS: Thank you. For the purpose of my objection, I am objecting to being limited to questions of law and on the facts, but as to the law that it limits my ability to examine a prospective juror as to their understanding of the law, including the presumption of innocence, which I feel is the way for me to determine, not only the peremptory challenge during voir dire examination, but challenge for cause. That I feel that I will not have the opportunity to question on the presumption of innocence, reasonable doubt, burden of proof. That this in effect limits the ability for me to develop an impartial jury.
I would indicate to the Court that's my reason for my objection.
THE COURT: Mr. Moss, it would appear to me, from the face of it, that you are not developing a jury. You are to voir dire a jury, not condition a jury, and that is as it would appear to me. Whether you are intending to use it for that reason or not, I know that it has been done that way in the past, but everything I read about voir dire says that is wrong.
MR. MOSS: Your Honor, in developing the prospective panel, fair and impartial panel, my approach is to look for the negative, not the positive juror, but the negative juror, who because of any negative attitude, and I believe that counsel could find out whether that juror was fair and impartial. That's what we are looking for, and the kind of questions that I would ask would be around that, reasonable doubt, prejudice, innocence, burden of proof, and that goes to whether or not there's a negative attitude towards that.
THE COURT: Well, I understand, and you understand the Court's ruling.
MR. MOSS: Yes, sir.