343 So.2d 921 (1977)
Esaw JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 76-187.
District Court of Appeal of Florida, Third District.
March 15, 1977.
*922 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a jury conviction of involuntary sexual battery with force likely to cause serious personal injury. Defendant Esaw Jones has raised several alleged errors which merit consideration by this court.
Prior to trial, the State filed a motion to take venous blood and saliva samples from the defendant. This motion was granted, although defendant objected on the grounds that the taking of blood constituted a search and the State had neither sought a search warrant nor demonstrated grounds which would have supported the issuance of a search warrant.
Although the blood sample was never actually admitted into evidence, a criminologist with the Dade County Public Safety Department testified at trial that she had examined the sample and drawn certain conclusions which indicated that the defendant could in fact have sexually assaulted the victim.
It is virtually axiomatic at this point that such testimony would be inadmissible if the blood were taken pursuant to an illegal search. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). While the Florida Rules of Criminal Procedure authorize a judicial officer to require an accused to permit the taking of samples of his blood, such discovery is expressly subjected to constitutional limitations. Fla.R.Crim.P. 3.220(b)(1)(vii).
The United States Supreme Court delineated the parameters of these constitutional limitations in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 *923 (1966). There the Court noted that the "interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained." 384 U.S. at 769-770, 86 S.Ct. at 1835, 16 L.Ed.2d at 919.
A review of the facts surrounding the State's motion to obtain blood samples from the defendant herein has revealed insufficient probable cause to justify a compelled giving of blood. The State's motion simply stated that it had "become important in the investigation to take venous blood and saliva samples for comparison and/or elimination... ." There were no factual allegations whatsoever to demonstrate that the "desired evidence" would be found. Under these circumstances, we feel that the trial court should have denied the State's motion.
Despite our finding that the taking of blood samples from the defendant in this instance was an unreasonable search and seizure, we feel that the subsequent hearing of testimony by the county criminologist constituted harmless error under the facts of this case. The victim identified the defendant on the stand and there was additional testimony by another witness which corroborated the facts as related by the victim. At the same time, the testimony concerning the blood samples was confusing and complex, and at best served only to demonstrate a remote possibility of any link between the defendant and the alleged crime. We feel that the testimony of the criminologist could only have had a negligible impact on the jury, especially in the face of an otherwise overwhelming case against the defendant. We therefore are of the opinion that the testimony relating to the blood samples was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); see also Dampier v. State, 180 So.2d 183 (Fla. 1st DCA 1965).
Defendant further argues that the trial court erred in failing to properly question prospective jurors on voir dire regarding their ability to follow and apply basic due process requirements  in particular the presumption of innocence and the State's burden of proof  and in refusing to permit defendant's counsel to so question prospective jurors.
The record discloses that the prospective jurors were collectively examined by the trial judge as to the presumption of innocence, burden of proof and reasonable doubt, as specifically authorized by Rule 3.300(b), Fla.R.Crim.P. The fact that the trial judge did not allow voir dire examination individually and outside the presence of the remaining prospective jurors was not error here, as this was discretionary with the trial judge and we find no abuse of that discretion. Branch v. State, 212 So.2d 29 (Fla. 2d DCA 1968). We do not feel that the trial judge abused his discretion by refusing to allow questions to the prospective jurors concerning their ability to apply particular propositions of law. See Price v. State, 295 So.2d 338 (Fla. 4th DCA 1974); see also Barker v. Randolph, 239 So.2d 110 (Fla. 1st DCA 1970); Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla. 1st DCA 1960).
Defendant's remaining points on appeal are without merit.
Affirmed.