347 So.2d 664 (1977)
Robert B. ESSIX, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-477.
District Court of Appeal of Florida, Third District.
May 31, 1977.
Rehearing Denied July 8, 1977.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*665 PER CURIAM.
Defendant, Robert Essix, appeals his conviction for first degree murder and robbery, and argues that the trial judge unduly restricted the length and scope of defense counsel's voir dire examination of the prospective jurors. We find no merit in this argument.
The extent to which parties may be permitted to go in examining prospective jurors on voir dire is subject to the sound discretion of the trial judge, the exercise of which will not be interfered with unless it is clearly abused. Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla. 1st DCA 1960); Barker v. Randolph, 239 So.2d 110 (Fla. 1st DCA 1970).
The record demonstrates that the trial judge not only permitted defense counsel to engage in extensive voir dire examination, but also granted him wide latitude with respect to the scope of that examination. Furthermore, defense counsel exhausted all peremptory challenges to which he was entitled and expressed to the trial judge his satisfaction with the jury which was ultimately sworn.
Affirmed.