**James B. WHITAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 867–82.**

Court of Criminal Appeals of Texas, En Banc.

June 1, 1983.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Molly Naylor, Jim Jordan and Patricia Saum, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

ODOM, Judge.

Appellant was convicted of delivery of methamphetamine. The Court of Appeals reversed for failure to grant appellant adequate time to examine prospective jurors during the jury selection process. Reversible error was found under authority of *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Cr. App.1967). We find appellant has shown no harm and the trial court's limitation of appellant's jury voir dire to fifty minutes was not unreasonable.

In *De La Rosa*, supra, the record reflected that some of the prospective jurors whom the defendant had not had time to examine were seated on the jury that tried him. In this case appellant was able to individually examine twenty three members of the panel. The record does not reflect whether the jury was composed entirely from those he was able to examine, or whether it included veniremen he did not examine individually. Appellant therefore has not shown that he was harmed by the trial court's action.

The trial court's restriction of the voir dire examination was not unreasonable and did not constitute an abuse of discretion. The trial court should be allowed discretion, and counsel should have the responsibility to budget his time within the reasonable limits set by the trial court. Appellant's counsel in this case was allowed almost twice the amount of time allowed defense counsel in *De La Rosa*. Also, in that case it was noted that the defendant sought time to ask, inter alia, "each prospective juror his name, address, marital status, place of employment, religious and educational back-

ground, [and] prior jury service." Most of this information and other personal data on each prospective juror was provided counsel in this case approximately twenty-five minutes before voir dire of the panel began, by submission of jury information forms. Thus, counsel had a "head start" in obtaining information to aid in jury selection that had an effect equivalent to lengthening the voir dire time beyond the 50 minutes actually used, and that also facilitated preparation of questions seeking more specific information from specific veniremen according to counsel's tactics.

A skilled lawyer can always find more questions that are proper to ask prospective jurors. The fact that counsel can think of one more proper question should not transform a reasonable time limit to an unreasonable one. In light of the advance information provided counsel from juror information forms and the reasonable length of time given counsel, we hold no abuse of discretion occurred.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of appellant's other grounds of error.

McCORMICK, J., concurs in the result.

CLINTON, Judge, dissenting.

As much as any other feature of the Anglo-American system of criminal justice, trial by an impartial jury distinguishes ours from nearly every other civilized society. Sixth Amendment to the Constitution of the United States; Article I, § 10, Bill of Rights. See generally *Duncan v. Illinois,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

In Texas the right is especially dear. In part our forebearers fought a revolution to obtain it. One of their grievances against General Antonio Lopez de Santa Anna was failure and refusal "to secure, on a firm basis, the right to trial by jury, that palladium of civil liberty, and only safe guarantee

for the life, liberty, and property of the citizen." The Declaration of Independence, Republic of Texas.

"The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered. A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government. Those who wrote our constitutions knew from history and experience that it was necessary to protect against unfounded criminal charges brought to eliminate enemies and against judges too responsive to the voice of higher authority. The framers of the constitutions strove to create an independent judiciary but insisted upon further protections against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him *an inestimable safeguard*[1] against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the *common-sense judgment of a jury* to the more tutored but perhaps less sympathetic reaction of the single judge he was to have it."

*Duncan v. Louisiana,* 391 U.S. at 155–156, 88 S.Ct. at 1451.

Elaborate mechanisms are provided by law to ensure that from a cross section of the community a panel of qualified persons will be seated in the courtroom, there to be examined voir dire—to speak the truth—by the parties. Chapter 35, V.A.C.C.P. and Black's Law Dictionary (4th Ed.) 1746. Without that examination neither the prosecutor nor an accused may intelligently make a peremptory challenge for whatever reason, Article 35.14, *id.,* or lodge an objection to a particular prospective juror that "some fact ... renders him incapable or unfit to serve on the jury," Article 35.16, *id.*

The constitutional right of an accused to be presented by counsel "carries with it the right of counsel to interrogate the members

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

of the jury panel to the end that he may form his own conclusion, *after his personal contact with the juror,* as to whether in counsel's judgment he would be acceptable to him or whether, on the other hand, he should exercise a peremptory challenge to keep him off the jury," *De La Rosa v. State,* 414 S.W.2d 668, 671 (Tex.Cr.App. 1967).

The exercise of judgmental hindsight undertaken by a divided Court in *Barrett v. State,* 516 S.W.2d 181 (Tex.Cr.App.1974), is repeated by a majority of this Court today to abridge not only the constitutional right to trial by an impartial jury but also the constitutional right to effective assistance of counsel. I agree with Judge Teague that *Barrett* was wrongly decided, for much the same reasons given by Presiding Judge Onion in his dissenting opinion, 516 S.W.2d at 182.

But the cardinal vice in this situation is initial imposition of a time limitation on voir dire—a matter that the majority really does not address.

The Corpus Christi Court of Appeals found:

"The fifty minutes total time divided among the twenty-five jurors actually interviewed on voir dire averages only two minutes per juror and *such time limitation is certainly unreasonable as applied to a panel of thirty-two.*"

I agree with that evaluation, and would affirm the judgment. Because the Court does not, I respectfully dissent.[2]

ONION, P.J., joins.

TEAGUE, Judge, dissents.

The issue before this Court is quite simple: May a trial judge in a criminal case, prior to the commencement of the voir dire examination, set an arbitrary time limit in which the defense attorney must complete his voir dire examination?

The Court of Appeals, in a unanimous opinion, reversed appellant's conviction and, among other things stated the following: "The fifty minutes total time divided among the twenty-five jurors actually interviewed on voir dire averages only two minutes per juror and such time limitation is certainly unreasonable as applied to a panel of thirty-two." Unquestionably, by the result it reached, the Court of Appeals was impressed with the following: "the record indicates no attempt on the part of appellant's counsel to prolong the voir dire; no objections by the state were made to appellant's questions other than to form; and that none of the questions asked were irrelevant, or were immaterial or were unnecessarily repetitious."

Today, however, a majority of this Court, incorrectly, reverses the judgment of the Court of Appeals.

Implicit in the majority opinion is what I find to be an erroneous assumption: that trial judges of this State are unable and incapable of controlling the voir dire examination by a defense attorney unless they set at the outset of the voir dire an arbitrary time limitation in which defense counsel must complete his voir dire examination. I believe, however, that the trial judges of this State are sufficiently able and capable, without the necessity of setting an arbitrary time limitation on the voir dire examination by defense counsel, to take necessary action if and when an attorney abuses the right to voir dire the jury panel.

This Court in the past has had occasion to be confronted with the question. In *De La Rosa v. State,* 414 S.W.2d 668 (Tex.Cr.App. 1967), this Court implicitly answered the question in the negative. In *Barrett v. State,* 516 S.W.2d 181 (Tex.Cr.App.1974), the sole issue before this Court was "wheth-

---

**2.** The majority attempts to justify what occurred in this cause by characterizing as a "head start" the circumstance that attorney for appellant received juror information forms "approximately twenty-five minutes before voir dire of the panel began." Assuming that counsel was allowed that much "quiet time" to examine them, he had less than a minute for each one. That is not much of a "head start," nor would I consider scanning an information card an acceptable substitute for "his personal contact with the jurors," *De La Rosa, supra,* at 671.

er or not the trial court reversibly erred by restricting Appellant's counsel's voir dire examination of the jury panel." This Court stated therein that "This Court does not approve the arbitrary limitation of voir dire nor a thirty minute limitation of voir dire." Nevertheless, by affirming Barrett's conviction, this Court put its stamp of approval on a trial court placing an arbitrary time limitation in which defense counsel has to complete the voir dire. There should be no question that the trial judge in this cause invoked *Barrett* when he arbitrarily set a 45 minute time limitation in which defense counsel had to complete his voir dire examination. Because of what *Barrett* stands for, it should be overruled.

The facts concerning the issue show the following. Put on notice, presumably by past action of the trial court in restricting a defense attorney's time for the voir dire examination of the summoned jury panel, counsel for appellant filed a pre-voir dire motion entitled "Motion For A Full Voir Dire Examination." Counsel in the *motion* requested that the trial court "not limit voir dire examination by imposition of an arbitrary time limit." Counsel also informed the trial court in the motion that he was "organized and prepared" to conduct the voir dire examination of the members of the jury panel. In the motion, counsel made the following forthright and commendable suggestion to the trial court: "If, during the voir dire examination, the Court is of the opinion that counsel is unduly prolonging or abusing the time of the Court, counsel suggests that some remedy be taken at that time."

The motion was denied, "for the reason that after selecting some 125 juries over the past two years I have found 45 minutes to be a reasonable amount of time for the attorneys for each side to question the panel." The trial court did not further explain this statement. Each attorney was thereafter limited to a total of 45 minutes to complete his respective voir dire examination. The prosecuting attorney completed his voir dire examination in 37 minutes. The appellant's attorney used up his entire 45 minutes but was allotted an additional 5

minutes to complete his voir dire examination. He failed to complete his voir dire examination at the end of the additional five minutes. When counsel for appellant was questioning the 25th member of the jury panel, the trial court announced: "Your time is up ... " And indeed his time was up. Counsel was not permitted to complete his questioning of the 25th panel member, or to question the remaining 7 persons of the panel. He requested permission of the trial court to perfect a bill of exception in order to show what responses the prospective jurors he had not questioned would have given to what must be *assumed would have been the same type* questions he had asked when he questioned the first 24 prospective jurors. His request was denied. Without this information, this Court is incapable of ascertaining the harmfulness of the trial court's ruling. This refusal to let counsel perfect his informal bill of exception should itself constitute reversible error. Cf. *Emanus v. State,* 526 S.W.2d 806 (Tex.Cr.App.1975). Also see *Simmons v. State,* 548 S.W.2d 386 (Tex.Cr. App.1977); *Trevino v. State,* 572 S.W.2d 336 (Tex.Cr.App.1978).

It is often stated that the principal purpose of the examination of the jury panel on the voir dire in Texas and elsewhere is to obtain information about the prospective jurors, personally and on the law which *may be applicable to the cause, in order to* enable counsel to eliminate jurors who cannot or are not likely to be fair in the consideration of the case. "This is the essence of the selection of the jury. Furthermore, the voir dire also affords counsel an opportunity to educate the jury on the issues in the case, to stifle inclinations towards prejudice which are not definite enough to warrant the elimination of jurors, and to lay the foundation for the development of strategy and tactics." Harry Bodin, *Civil Litigation and Trial Techniques* (1976 Edition). I find that what a Florida District Court of Appeals stated in *Barker v. Randolph,* 239 So.2d 110, 112–113, 114 (Fla.App.1970), to be a most succinct state-

ment of what the voir dire examination is all about.

The peremptory challenge is a useful tool which cannot be denied a party by the court. It is a shield granted litigants to secure jurors as impartial as human frailties permit. Trial attorneys rely heavily upon their skill to elicit pertinent information from prospective jurors on voir dire examination, thus, relating the jurors' attitude to the trial of the case. The examination is vital to lay a predicate so that counsel may determine whether to challenge for cause or exercise a peremptory challenge. The purpose of the voir dire is to determine whether the prospective juror is qualified and will be completely impartial in his judgment. Its length and extensiveness should be controlled by the circumstances surrounding the juror's attitude in order to assure a fair and impartial trial by persons whose minds are free from all interest, bias or prejudice. *Gibbs v. State,* Fla.App., 193 So.2d 460; *Pope v. State,* 84 Fla. 428, 94 So. 865; *Pinder v. State,* 27 Fla. 370, 8 So. 837; *Cross v. State,* 89 Fla. 212, 103 So. 636. The right of oral examination on voir dire by the parties is granted by statute, Section 53.031, F.S.A. It is settled law that the trial judge has a wide latitude in the exercise of his discretion with respect to the qualification of jurors. In exercising this discretion, he may reasonably control voir dire examination in the interest of orderliness and in the dispatch of trials. *Mizell v. New Kingsley Beach, Inc.,* Fla.App., 122 So.2d 225.

It is not infrequent that the answer to a question or questions propounded by opposing counsel develops a lead indicating a juror may not be impartial in his views or thinking. The juror's answer may reflect such a strong distaste for given circumstances as to make him completely unfair and unacceptable. It is not likely that the party in whose favor the juror's attitude slants will pursue a line of questioning designed to develop the bias or prejudice of the juror. Further examination may well disqualify the juror, perhaps not for cause, but for the proper

exercise of the peremptory challenge. Full exploration of a questionable juror by the party who may be the receiver of the unfairness of the juror should not be denied when his counsel fully and in good faith previously interrogated the panel, but prejudicial information was not forthcoming until his adversary questioned the jury....

Although the trial judge does and must possess a broad latitude of discretion in determining at what point in the voir dire examination counsel's interrogation of the jury should be foreclosed, such discretion should not be exercised in such manner as to prevent counsel for either party from making such interrogation as may be reasonably required in order to procure a fair and impartial jury. The necessity for dispatching the work of the court and shortening the time of trial should not be accorded greater importance than the necessity for procuring an unbiased and impartial jury to try the issues of the case. In the case sub judice it affirmatively appears that the necessity for peremptorily challenging the juror in question would depend upon his answers to further questions by plaintiff's counsel. No justifiable reason for precluding plaintiff from further examining the juror under the circumstances of this case appears in the record before us. See *Barker v. Randolph,* 239 So.2d 110, 112–113, 114 (Fla.App.1970).

Texas in the past has had "wide-open" voir dire examination by the parties, in that the parties have been entitled to formulate and pattern their voir dire examination, according to the attorney's individual style, in order to make the ultimate decision of which persons on the panel should be peremptorily stricken. The trial judge, of course, has always had the power to monitor the voir dire examination to make sure that the attorneys did not abuse this precious right. Thus, it has always been permissible for the trial judge "to step in and take charge" where an attorney was abusing the right of voir dire examination. However, as long as an attorney did not

breach the faith the Legislature placed in him in voir diring a jury panel, intervention by a trial court has not in the past been permitted. In fact, the author of the majority opinion has stated the following: "But when counsel is not prolonging the examination beyond reasonable bounds, he may pose any proper question he desires." *Hernandez v. State,* 508 S.W.2d 853, 855 (Tex.Cr.App.1974) (Odom, J. Concurring opinion).

I believe that just as no two attorneys will ever prosecute or defend a criminal case the same way, no two attorneys will voir dire a jury panel the same way. Some attorneys may spend only five minutes with a jury panel in order to determine which prospective jurors they will strike; others, however, are not so gifted and must spend a great deal of time with the prospective jurors, ferreting out their beliefs, thoughts, ideas, etc., regarding the law as well as making known publicly their backgrounds and beliefs concerning a particular subject.

This Court has also stated the following: "It is always commendable for a trial court to dispatch business with promptness and expedition, but this salutary result must never be attained at the risk of denying to a party on trial a substantial right." *Carter v. State,* 100 Tex.Cr.R. 247, 272 S.W. 477, 478 (Tex.Cr.App.1925). Can anyone argue that the right to voir dire the jury panel is not a substantial right?

The majority not only puts its approval on arbitrariness by reversing the judgment of the Court of Appeals, but goes father and makes the perfection of the error the equivalent of playing some sort of game, which, unquestionably, if played correctly will unduly prolong the commencement of the trial. There is no need for all of this.

Neither the defendant nor the prosecution should have to cope with an arbitrary time limitation in which to conduct their respective voir dire examinations.

*Barrett v. State,* supra, should be expressly overruled. I find that with all of the destruction *Barrett* may eventually cause the criminal justice system of this State, and the loss of faith by our citizenry in that system, it closely resembles the serpent which is mentioned in the Holy Book. See Genesis, Chapter 3. As we all now know, the serpent caused Eve to commit reversible error in the eyes of Her Appellate Court. *Barrett,* likewise, has caused trial courts of this State to commit reversible error, albeit in the eyes of this appellate court. See *Clark v. State,* 608 S.W.2d 667 (Tex.Cr.App.1980); e.g., *De La Rosa,* supra.

For the above reasons, the decision of the Court of Appeals should be affirmed, and not reversed, and *Barrett v. State,* supra, should be expressly overruled. To the failure of the majority to do these things, I dissent.

MILLER, J., joins.