**Thomas Frailey CARTMELL, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–118–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 7, 1990.

Michael D. Deegan, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, and Cindy Singleton, Assts., Fort Worth, for State.

Before WEAVER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

Cartmell appeals a conviction of driving while intoxicated. The jury returned a verdict of guilty and assessed a penalty of a $500 fine and two years confinement in the county jail. The jury recommended that the confinement be probated for a period of two years.

We reverse and remand.

In his sole point of error, appellant complains that the trial court abused its discretion by imposing unreasonable time limitations on appellant's voir dire examination.

The law in Texas, with regard to voir dire examination, is well established. In *De La Rosa v. State*, 414 S.W.2d 668 (Tex. Crim.App.1967) the Court of Criminal Appeals discussed a defendant's right to conduct a voir dire examination. They concluded:

> Both Article 1, Sec. 10, Texas Constitution, Vernon's Ann.St., and Article 4 (now 1.05) Vernon's Ann.C.C.P. provide that an accused person shall have the right of being heard by himself or counsel or both. It is well established by numerous decisions of this Court that this constitutional guarantee of the right to be represented by counsel carries with it the right of counsel to interrogate the members of the jury panel....

*Id.* at 671. Additionally, the court reasoned: "The voir dire process is designed to insure—to the fullest extent possible—that an intelligent, alert and impartial jury will perform the duty assigned to it by our judicial system." *Id.*

In *De La Rosa* the court announced a two-prong test to be used when reviewing a time limitation, imposed by the court, on the voir dire examination. This test was expanded by the court in *Ratliff v. State*,

690 S.W.2d 597 (Tex.Crim.App.1985). Therein they held: "Besides showing that [1] he did not attempt to prolong voir dire and that [2] he was not permitted to ask proper and relevant questions a defendant must also show that [3] he was not permitted to examine jurors who served on the jury." *Id.* at 600 (citations omitted).

Turning to the facts of our case, the court gave each side twenty minutes in which to conduct their voir dire examination of the jury panel. It is not disputed that both sides were aware of this time limitation. Upon being cut off by the court appellant's counsel objected to the time limitation placed upon his examination. The court overruled the objection. When the jury was empaneled appellant's counsel renewed his objection. This objection was not ruled upon by the court. Counsel for the appellant then requested that the court allow him to make a bill of exception in order to put into the record the questions he was not able to ask the jury panel and identify those jurors whom he was not able to individually examine. The court advised him he would be allowed to make his bill while the jury deliberated. In his motion for new trial appellant again renewed his objection, set out the particular questions he would have asked the jury panel if permitted to do so, and identified individual members of the jury of whom he would have conducted individual examination if the time limitation had not prevented him from doing so.

Applying the law to our facts, we find nothing in the record which tends to convince us that appellant's questions, propounded to the venire, were an attempt to prolong the voir dire examination. The appellant has met the first prong of the *Ratliff* test. Additionally, we think that the questions appellant was not allowed to propound to the jury panel, as set out in his motion for new trial, are proper and relevant questions.[1] We find that appellant has met the second prong of the *Ratliff* test. Further, appellant alleges in his motion for new trial, and the record reflects,

there were two jurors who served on the jury that appellant was unable to individually examine at all. We find that appellant has met the third and final prong of the *Ratliff* test.

The State argues that the trial court may impose a reasonable time limitation on questioning in order to avoid unnecessary delay. *Whitaker v. State*, 653 S.W.2d 781 (Tex.Crim.App.1983) (en banc). Additionally, it argues that attorneys have the responsibility to budget their time within the reasonable limitation set by the trial court. *Id.* We agree. We also agree with the court in *Whitaker* that "[a] skilled lawyer can always find more questions that are proper to ask prospective jurors. The fact that counsel can think of one more proper question should not transform a reasonable time limit to an unreasonable one." *Id.* at 782. The State fails to point to voir dire by appellant which was inappropriate or a waste of time. What it argues is that appellant was aware of the time limitation.

The time limit imposed by the court in this case is shorter than any time limit which we have found a court has reviewed. The time limit in *Whitaker*, upon which the State heavily relies, is two and one-half times that of the time limit in this case.

We must emphasize that it is not the intention of this court to establish a bright line rule of law with regard to time limitations placed upon voir dire examinations. We think there could be circumstances wherein a twenty minute time limitation, or perhaps even shorter, would be adequate. We recognize that litigants are not entitled to unlimited time for voir dire. We think it is a permissible practice for a trial judge to announce the time limitation which the court will impose. Thereafter, we believe that error will only occur if the trial judge fails to grant additional time after a legitimate request for additional time, based upon a showing of need, has been made.

---

1. Appellant wished to inquire, among other things, about membership in or support for MADD and religious preferences which would cause a juror to hold one who drinks alcohol in contempt.

**140**

We hold that appellant has satisfied the test set out in *Ratliff* and has established that the time limit for voir dire imposed upon him was unreasonable, and an abuse of discretion.

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.